BURR v WILLIAM BEAUMONT HOSPITAL

CONTRACTS—BREACH OF WARRANTY—WRONGFUL DEATH—BLOOD
    TRANSFUSION—MEDICAL TESTS—PLAINTIFF'S ADMISSIONS.
    Dismissal of a breach of warranty action following a death
    resulting from a blood transfusion was proper; the intent of the
    Legislature was to preclude the implication of warranties in a
    blood transfusion transaction where no medical test is available
    to ascertain the fitness of the blood and it was admitted that no
    such medical test was available at the time of the transfusion
    (MCLA 691.1511; MSA 14.528[1]).

Appeal from Oakland, William R. Beasley, J.
Submitted January 15, 1976, at Detroit. (Docket
No. 24340.) Decided February 19, 1976. Leave to
appeal denied, 397 Mich —.

Complaint by Doris A. Burr, administratrix of
the estate of Robert H. Burr, deceased, against
William Beaumont Hospital, Michigan Regional
Blood Center of the American Red Cross, and
Michigan Community Blood Center, Inc., seeking
damages for wrongful death. Judgment for defend-
ants. Plaintiff appeals. Affirmed.

*Kenneth A. Webb, P. C.,* for plaintiff.

*Vandeveer, Garzia, Tonkin, Kerr & Heaphy,
P. C.,* for defendant Michigan Regional Blood Cen-
ter.

*Plunkett, Cooney, Rutt, Watters, Stanczyk &*

REFERENCES FOR POINTS IN HEADNOTE
61 Am Jur 2d, Physicians, Surgeons, and Other Healers §§ 132, 178.
    Liability for injury or death from blood transfusion. 59 ALR2d
    768.

*Pedersen* (by *John P. Jacobs* and *J. P. O'Leary),* for defendant Michigan Community Blood Center.

*Kitch & Suhrheinrich, P. C.* (by *Gregory Drutchas),* for defendant William Beaumont Hospital.

Before: McGREGOR, P. J., and BASHARA and ALLEN, JJ.

PER CURIAM. Plaintiff's wrongful death action, charging defendants with breach of warranty in the transfusion of blood, was dismissed by the trial court pursuant to defendants' motion for accelerated or summary judgment. Plaintiff appeals.

When read to give effect to the most reasonable and probable intent of the Legislature, 1967 PA 174 (MCLA 691.1511; MSA 14.528[1]) precludes the implication of warranties in a blood transfusion transaction where no medical test is available to ascertain the fitness of the blood.

Inasmuch as plaintiff has admitted that there was no such medical test available at the time of the blood transfusions in question, the trial court's dismissal of plaintiff's action was proper.

Affirmed.